IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

PATRICIA GILMORE,            CASE NO.:

       Plaintiff,

vs.

THE H.T. HACKNEY CO.,

       Defendant.
_____/

## COMPLAINT

Plaintiff, PATRICIA GILMORE ("Plaintiff"), by and through her undersigned counsel, sues Defendant, THE H.T. HACKNEY CO. ("Defendant"), and alleges as follows:

### INTRODUCTION

1. This is a proceeding for damages to remedy discrimination on the basis of handicap affecting the terms, conditions and privileges of employment and to redress the deprivation of rights secured to Plaintiff by the Florida Civil Rights Act of 1992, Florida Statutes §760, et seq. ("FCRA").

### JURISDICTION

2. Jurisdiction is invoked pursuant to the FCRA.

### VENUE

3. The claims asserted herein arose in this judicial circuit.

### PARTIES

4. At all times material hereto, the Plaintiff is a citizen of the United States, resident of this judicial circuit and an employee or former employee of the Defendant.

5. At all times material hereto, the Defendant is operating in this judicial circuit, was the employer or former employer of the Plaintiff, and is an employer as defined by the FCRA.

6. The Plaintiff has exhausted and fulfilled all conditions precedent to the institution of this action pursuant to the FCRA. Specifically, Plaintiff filed her charge of discrimination with the US EEOC and the Florida Commission on Human Relations on or about December 15, 2020. Pursuant to Fla. Stat. 760.11(8), Plaintiff has exhausted her pre-suit administrative remedies.

## STATEMENT OF FACTS

7. The Plaintiff was an employee of the Defendant since June of 2019 and was a satisfactory employee.

8. However, on August 12, 2020, Plaintiff began to feel unbearable pain on her arm, ultimately diagnosed as tendonitis and bursitis, that caused her to miss work.

9. She promptly informed her supervisor and scheduled a doctors appointment, who instructed her to take off a week from work due to the strong medication she was going to be prescribed.

10. Plaintiff said she could not take a week and instead was provided several days off until August 17, 2020, which was turned into Marlene of HR.

11. On August 13, 2020, while Plaintiff was home resting, the District General Manager, Ben Overholt, called Plaintiff to ask how she was feeling, and then asked Plaintiff if she was going to be working today.

12. Plaintiff explained to Mr. Overholt that she cannot physically work given her medical condition.

13. Mr. Overholt repeated his question more aggressively, to which Plaintiff again said she could not due to her condition.

14. Mr. Overholt responded "THAT'S ALL I NEEDED TO KNOW, GOODBYE"!

15. When Plaintiff tried to return to work on August 17, 2020, she was met by Mr. Overholt and HR and was terminated for having issues with other employees.

16. This was the first Plaintiff ever heard of this.

17. Plaintiff then received a termination letter that stated "Low work performance".

## COUNT I
## FLORIDA CIVIL RIGHTS ACT OF 1992-DISABLITY DISCRIMINATION

Plaintiff incorporates by reference paragraphs 1 through 17 herein and states as follows:

18. The Defendant has discriminated against the Plaintiff in the terms and conditions of her employment and has denied the Plaintiff continued employment because of her handicap, or alternatively, the Defendant's perception of a handicap.

19. The unlawful discriminatory practices by the Defendant and its agents, as set forth herein, violates The Florida Civil Rights Act of 1992.

20. As a direct and proximate result of the Defendant's unlawful and discriminatory conduct, the Plaintiff has and will continue to suffer damages.

WHEREFORE, the Plaintiff, PATRICIA GILMORE, requests that judgment be entered against the Defendant, THE H.T. HACKNEY CO., for all damages recoverable under the Florida Civil Rights Act of 1992, including punitive damages, as well as costs, expenses, attorney fees and any other lawful relief this Court deems to be just and proper.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT OF 1992-FAILURE TO ACCOMODATE

Plaintiff incorporates by reference paragraphs 1 through 17 herein and states as follows:

21. The Plaintiff suffered from a disability yet was a qualified individual.

22. Defendant had knowledge of Plaintiff's disability.

23. Plaintiff requested reasonable accommodations from the Defendant in order to remain employed with the Defendant while disabled.

24. Reasonable accommodations existed that would have allowed Plaintiff to perform the essential functions of her position.

25. Defendant failed to provide this reasonable accommodation.

26. The unlawful practices by the Defendant and its agents, as set forth herein, violates The Florida Civil Rights Act of 1992.

27. As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has and will continue to suffer damages.

WHEREFORE, the Plaintiff, PATRICIA GILMORE, requests that judgment be entered against the Defendant, THE H.T. HACKNEY CO., for all damages recoverable under the Florida Civil Rights Act of 1992, including punitive damages, as well as costs, expenses, attorney fees and any other lawful relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

Dated: July 25, 2021.

        Law Offices of Levy & Levy, P.A.
        1000 Sawgrass Corporate Parkway, #588
        Sunrise, Florida  33323
        Telephone: (954) 763-5722
        Facsimile: (954) 763-5723
        Email: chad@levylevylaw.com
        Service Email: assistant@levylevylaw.com
        *Counsel for Plaintiff*

        */s/ Chad Levy*
        CHAD E. LEVY, ESQ.
        F.B.N.: 0851701
        DAVID M. COZAD, ESQ.
        F.B.N.: 333920